
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3610 | **DATE** | 9/15/2000 |
| **CASE TITLE** | Robin Zahran, et al vs. First Union Home Equity Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated here, the, the current Rule 12(b)(6) motion is granted in its entirety. This action will continue to go forward on Zahrans' other claims. (9-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | SEP 18 2000 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | 9/15/2000 date mailed notice |
| SN | courtroom deputy's initials | SN mailing deputy initials |
| | Date/time received in central Clerk's Office | |

ED-7
FILED FOR DOCKETING
00 SEP 15 PM 4:22

Document Number 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN ZAHRAN, et al., )
)
        Plaintiffs, )
)
v. ) No. 00 C 3610
)
FIRST UNION HOME EQUITY BANK, )
et al., )
)
        Defendants. )

**DOCKETED**

**SEP 1 8 2000**

MEMORANDUM OPINION AND ORDER

    TMS Mortgage, Inc. d/b/a The Money Store ("Money Store") and Bank of New York ("Bank"), two of the defendants in this multidefendant action brought by pro se plaintiffs Robin and Karen Zahran ("Zahrans"), have answered the bulk of the allegations advanced against them in Zahrans' multi-count Complaint. Money Store and Bank have, however, moved under Fed. R. Civ. P. ("Rule") 12(b)(6) to dismiss a portion of Complaint Count V--the part in which Zahrans assert that those defendants are "liable pursuant to collection statute" (Complaint ¶56). Zahrans have responded with their written Reply, but their response is unpersuasive because it really answers somewhat different questions from the one posed by the Rule 12(b)(6) motion.

    On Zahrans' own allegations, their residential mortgage loan (which they originally obtained from codefendant First Union Home Equity Bank, Complaint ¶9) went through mesne assignments from that original lender through Money Store and ultimately to Bank

(id. ¶¶10 and 11), which in turn retained Money Store as its agent for collection of the mortgage payments (id. ¶56). That version of events, which must of course be accepted as true for Rule 12(b)(6) purposes, has been reconfirmed by Zahrans' Reply at 2. In addition, Zahrans' Reply at 1 confirms the motion's assertion that the collection statutes sought to be invoked by Zahrans are the federal Fair Debt Collection Practices Act (15 U.S.C. §§1692 ff.) and the Illinois Collection Agency Act (225 ILCS 425/1 ff.).

But on those allegations Bank is plainly not within the scope of either of those statutes, for by definition the efforts toward collection on the mortgage were for Bank's own account and not that of another (see the definition of "debt collector" in 15 U.S.C. §1692a(6) and the definition of "collection agency" in 225 ILCS 425/2.02). So Bank's motion is granted--and with prejudice.[1]

Unlike the situation as to Bank, which is now permanently free and clear of this particular claim by Zahrans (see n.1), it is possible that Money Store could potentially be a "debt

---

[1] In part Zahrans' Reply asks alternatively for a right to plead over. But legitimate pleadings are required to conform to the facts, not to reshape the facts to conform to the law. As already stated in the text, both the Complaint and Zahrans' Reply say that New York was the owner of Zahrans' mortgage obligation, and Zahrans will not be permitted to change their story just for the sake of keeping Bank exposed to a claim that cannot be truthfully supported.

2

collector" as defined in the federal statute or a "collection agency" as defined in the state statute, or perhaps both. But at least on the present Complaint, each such status is inapplicable to Money Store as well, albeit for different reasons:

1. Under 15 U.S.C. §1692a(6)(emphasis added) the concept of "debt collector" is limited to persons who use the mails or any instrumentality of interstate commerce "in any business the <u>principal</u> purpose of which is the collection of any debts, or who <u>regularly</u> collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Nothing of that nature is alleged in the Complaint as to Money Store that could bring it under the coverage of that statute. But even if Zahrans were able to cure that omission, Money Store properly calls upon this holding in <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1985)(emphasis added), reh'g denied in this respect although granted in another, 761 F.2d 237 (5th Cir. 1985):

> The legislative history of section 1692(6) indicates conclusively that a debt collector does not include the consumer's creditors, <u>a mortgage servicing company</u>, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. <u>See</u> S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, <u>reprinted in</u> 1977 U.S. Code Cong. & Ad. News 1695, 1698.

Because Money Store fits that underscored description, it too is outside the scope of the federal statute.

3

2. Under the express terms of the Illinois statute, it specifically does not apply to "[b]anks...and lending institutions (except those who own or operate collection agencies)" (225 ILCS 425/2.03(1)) or to "[l]oan and finance companies" (id. 425/2.03(8)). Relatedly, the definition of "collection agency" in id. 425/2.02 refers to "any person, association, partnership or corporation who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged <u>delinquent</u> debt"--an obvious statutory focus on the traditional collection agency as contrasted with an agent such as Money Store, which was concededly retained to make ongoing collections on a mortgage that was not in default but then, when a claimed default later occurred, took the natural step of continuing to seek to collect that amount for its principal.

In sum, Money Store is entitled to be dismissed from the challenged claim as well.

For the reasons stated here, then, the current Rule 12(b)(6) motion is granted in its entirety. This action will continue to go forward on Zahrans' other claims.

*Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: September 15, 2000

4